UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR B. CHERRY,

    Petitioner,

v.                                                       Case Number: 08-cv-12465-BC
                                                          Honorable Thomas L. Ludington

NICK J. LUDWICK,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On July 16, 2012, Michigan Petitioner Arthur Cherry filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)(3). Pet'r's Mot., ECF No. 22. Petitioner was convicted on October 21, 2002 of first-degree felony murder, assault with intent to rob while armed, and felony firearm following a jury trial in the Circuit Court in Wayne County, Michigan. He was sentenced on November 15, 2002, and presently resides at the Michigan Department of Corrections, Lakeland Correctional Facility, in Coldwater, Michigan. He is serving a life sentence for the murder conviction, along with a concurrent sentence of twenty-three years, nine months to fifty years for the assault. Both sentences are consecutive to Michigan's mandatory two-year sentence for the felony-firearm conviction.

On June 10, 2008, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254, alleging that his convictions are unconstitutional. He raised claims concerning the sufficiency of the evidence against him, the effectiveness of trial counsel, the trial court's jury instructions, and prosecutorial misconduct. On August 18, 2011, the Court denied the petition and declined to issue Petitioner a certificate of appealability. *Cherry v. Ludwick*, 2011 WL 3652188 (E.D. Mich. Aug. 18, 2011). Petitioner subsequently filed an application for a certificate of appealability with the

United States Court of Appeals for the Sixth Circuit, which was denied. *See* Order, *Cherry v. Howes*, No. 11-2165 (6th Cir. Apr. 17, 2012), ECF No. 21.

In his motion for relief from judgment, Petitioner asserts that this Court, in finding sufficient evidence to support his convictions, relied on facts submitted by the State, who in turn "relied heavily upon the State trial court's records in submitting the answer in opposition to [his] petition." He asserts that this was "fraud upon the Court." Pet'r's Mot. 2, 7, ECF No. 22.

Federal Rule of Civil Procedure 60(d)(3) provides that a judgment may be attacked for fraud on the court. The Rule "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court refers to "the most egregious conduct involving a corruption of the judicial process itself." *General Med., P.C. v. Horizon Health Care Corp.*, 275 F. App'x 65, 71 (6th Cir. 2012) (quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2870 (West 2011) (collecting cases)). "Treatises speak of such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." *Id.* (citation omitted).

The Sixth Circuit in *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993), recognized the extraordinary nature of the remedy and cautioned against expansive use of the doctrine:

> [f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Id.* at 352 (citation omitted) (setting aside an extradition order for fraud on the court because government attorneys failed to disclose exculpatory evidence in violation of the duty recognized in *Brady v. Maryland*, 373 U.S. 83 (1963)). In order to show fraud on the court, Petitioner is required

to present clear and convincing evidence of the following elements: "1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Demjanjuk*, 10 F.3d at 348; *see also Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (same); *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (same).

Petitioner has not provided clear and convincing evidence of fraud on the Court. At the very least, he has failed to do so with regard to the last element, that the Court actually be deceived by the alleged fraud. Petitioner argues that the Attorney General adopted fraudulent arguments and testimony from Petitioner's state court trial, thereby perpetrating a fraud on the habeas court. However, Petitioner does not assert, let alone provide clear and convincing evidence, that this Court was actually deceived by this alleged fraud. Rather, Petitioner's claims appear to involve alleged frauds perpetrated in the state court and not in the proceedings in this Court. Moreover, when the Court addressed Petitioner's claims in his habeas petition, specifically his insufficient-evidence claim, it addressed Petitioner's argument concerning fraud in the state court proceeding. Because the Court was aware of and addressed Petitioner's concerns, he cannot argue that the Court was somehow deceived by the Attorney General. Petitioner has not demonstrated the existence of any fraud during the proceeding.

Absent a showing of fraud, Petitioner's argument essentially is that the evidence was insufficient to sustain his conviction, an argument that is barred by the AEDPA as having been previously litigated. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) ("[A]ny claim that has already been adjudicated in a previous petition must be dismissed"). In his habeas petition,

Petitioner raised substantially the same claims that he presents in the current motion. The only difference is that he now alleges that the Attorney General committed fraud by presenting the alleged fraud in the state court to the habeas court.

Petitioner's arguments are without merit. His motion is denied. To the extent that Petitioner is requesting that his habeas proceedings be reopened, the Court concludes that his motion amounts to a second or successive habeas petition and, absent authorization from the Sixth Circuit, the Court does not have jurisdiction to consider it. 28 U.S.C. § 2244(b).

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)(3) is **DENIED**.

Dated: October 10, 2012                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Arthur B. Cherry, #364212 at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 by first class U.S. mail on October 10, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS